**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARON MARIE REED,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO; et al.,<br><br>                Defendant. | CASE NO. 06cv2724 JM(WMC)<br><br>**ORDER GRANTING DEFENDANT STATE OF CALIFORNIA'S MOTION TO DISMISS WITH PREJUDICE** |

Defendant State of California ("State") moves to dismiss Plaintiff's Federal Civil Rights claim, brought pursuant to 42 U.S.C. §1983, on Eleventh Amendment grounds. Plaintiff Sharon Marie Reed ("Reed") has not directly responded to the State's motion as required by Local Rule 7.1(e)(2).[1] Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the State's motion to dismiss.

## BACKGROUND

On December 15, 2006 Plaintiff commenced this civil rights action alleging that she was wrongfully arrested on a warrant issued in the name of Colleen Ann Conerty, not Reed. (Compl. ¶11). When placed under arrest on December 18, 2005, she informed the arresting officer that she was Sharon Marie Reed but the "Harbor Police did not listen to her." (Compl. ¶12). She showed the Harbor Police her passport and other identification verifying her identity as Reed. Plaintiff was transported to Los Colinas jail where the Sheriff's Department refused to check her fingerprints, date

---

[1] Plaintiff filed an opposition to the County of San Diego's motion to dismiss but did not address the Eleventh Amendment issue raised by the State.

of birth, or social security number. (Compl. ¶7).

Based upon these generally described events, Plaintiff alleges that Defendants violated her Fourth and Fourteenth Amendment rights when she was wrongfully arrested. With respect to the State, Plaintiff alleges:

> At sometime unknown to Plaintiff, unknown employees of the State of California entered her name into the Department of Justice (D.O.J.) Database as an A.K.A. for Colleen Ann Conerty, without cause. Sharon Reed never used the name Colleen Ann Conerty, nor plaintiff is informed and believes, did Colleen Ann Conerty ever use the name Sharon Reed.

(Compl. ¶10). In addition to the federal civil rights claims, Plaintiff alleges three state law claims for assault and battery, false imprisonment, and negligence. Plaintiff asserts that this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

State now moves to dismiss the complaint on the ground that such claims are barred by the Eleventh Amendment.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle [the party] to relief." Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), cert. denied, 496 U.S. 906 (1990). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. See Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. See Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

/ / /

/ / /

**The Motion**

Plaintiff names the State of California as a defendant in this action. The Eleventh Amendment prohibits suits against a state, and 42 U.S.C. § 1983 does not abrogate this immunity since a state is not a "person" for purposes of the statute. Will v. Michigan Dept of State Police, 491 U.S. 58, 62 (1989). "[I]n the absence of consent a suit in which the State or one of its agencies or department is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted). Further, the Eleventh Amendment jurisdictional bar extends to the state law claims. The Supreme Court has held that "§1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants." Raynor v. Regents of the university of Minnesota, 534 U.S. 533, 542 (2002). Even if Plaintiff were to sue the California Department of Justice, she could not prevail as Eleventh Amendment immunity extends to state agencies. See Pennhurst, 465 U.S. at 100. As there are no apparent circumstances under which Plaintiff can plead around the Eleventh Amendment immunity bar, the motion is granted with prejudice.

In sum, the motion to dismiss is granted as Plaintiff's claims against the state are barred by the Eleventh Amendment.

**IT IS SO ORDERED.**

DATED:  March 23, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties