**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| SHARON MARIE REED, | CASE NO. 06cv2724 JM(WMc) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND** |
| vs. | |
| CITY OF SAN DIEGO; COUNTY OF SAN DIEGO; SAN DIEGO UNIFIED PROT DISTRICT; OFFICER CARLOS OLGUIN; SAN DIEGO HARBOR POLICE DEPARTMENT; and STATE OF CALIFORNIA, | |
| Defendant. | |

Defendant County of San Diego ("County") moves to dismiss the Complaint or, alternatively, for a more definite statement on Plaintiff Sharon Marie Reed's civil rights complaint brought pursuant to 28 U.S.C. §1983. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted with 15 days leave to amend from the date of entry of this order.

**BACKGROUND**

On December 15, 2006 Plaintiff commenced this civil rights action alleging that she was wrongfully arrested on a warrant issued in the name of Colleen Ann Conerty, not Sharon Marie Reed. (Compl. ¶11). Plaintiff was placed under arrest on December 18, 2005 when a records check of a California D.O.J. database revealed that Plaintiff's name was identified as an alias used by Colleen Ann Conerty. When arrested she repeatedly told the San Diego Harbor Police Department and the arresting officer that she was Sharon Marie Reed but the "Harbor Police did not listen to her."

1  (Compl. ¶12).  She showed the Harbor Police her passport and other identification verifying her
2  identity as Reed.  Plaintiff was transported to Los Colinas jail where the Sheriff's Department refused
3  to check her fingerprints, date of birth, or social security number.  (Compl. ¶7).

4  Plaintiff alleges that Harbor Police Officer Carlos Olguin "was negligent, that she was arrested
5  without cause, that the officer was improperly trained or supervised, her civil rights were violated, she
6  was falsely imprisoned and battered."  (Compl. ¶16).  Plaintiff also alleges that Officer Olguin was
7  following the customs and practices of the San Diego Sheriff's Department "to arrest individuals by
8  using improper means, including the use of excessive force, even when no reasonable basis exists for
9  believing that use of force would be required."  (Compl. ¶19).  Based upon these generally described
10 events, Plaintiff alleges a single federal claim for violation of 42 U.S.C. §1983 and three state law
11 claims for assault and battery, false arrest and imprisonment, and negligence.

12 On March 23, 2007 the court grant the State of California's motion to dismiss the Complaint
13 on Eleventh Amendment grounds.  County now moves to dismiss the Complaint on grounds that (1)
14 Plaintiff's mere detention pursuant the arrest warrant fails to state a claim; (2) the complaint fails to
15 provide any allegations with respect to excessive force; and (3) the court should decline to exercise
16 supplemental jurisdiction over the state law claims because she fails to state a federal claim.

17 **DISCUSSION**

18 **Legal Standards**

19 Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases.
20 United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief
21 only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a
22 cognizable legal theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).
23 Courts should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set
24 of facts in support of his claim which would entitle [the party] to relief."  Moore v. City of Costa
25 Mesa, 886 F.2d 260, 262 (9th Cir. 1989) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), cert.
26 denied, 496 U.S. 906 (1990).  The defect must appear on the face of the complaint itself.  Thus, courts
27 may not consider extraneous material in testing its legal adequacy.  See Levine v. Diamanthuset, Inc.,
28 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted

1  as part of the complaint. See Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. See Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. See Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. See In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

Under 42 U.S.C. §1983 civil liability may be imposed on any person who, under color of state law, subjects another to the deprivation of rights "secured by the constitution and laws." 42 U.S.C. §1983. Plaintiff makes two claims under §1983: first, Defendants violated her Fourth Amendment rights when she was arrested and detained, and second, Defendants violated her Fourth Amendment rights when she was battered by Defendants. (Compl. ¶29). Each claim is discussed in turn.

The False Arrest/Detention Claim

At the outset, the court notes that the complaint fails to sufficiently articulate the grounds for the Fourth Amendment false arrest/detention claim against County. Municipalities, their agencies and their supervisory personnel cannot be held liable under section 1983 on any theory of respondeat superior or vicarious liability. They can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691-693 (1978); Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986). To state a claim, not only must a plaintiff identify a policy attributable to the municipality, but plaintiff "must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997). Generally, "a claim of municipal liability under section 1983 is sufficient

1  to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that
2  the individual officers' conduct conformed to official policy, custom, or practice." Karim-Panahi v.
3  Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) (citation omitted); Watts, 256 F.3d at
4  891; Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001), cert. denied, 122 S.Ct. 2661 (U.S. June 28,
5  2002) (No. 01-1440).  However, "[a] § 1983 action against a city fails as a matter of law unless a city
6  employee's conduct violates one of the plaintiff's federal rights." Orin, 272 F.3d at 1217.

7    Here, Plaintiff's claim against the County fails for two reasons.  First, Plaintiff fails to
8  sufficiently identify an actionable policy, ordinance, practice or custom and to identify any deliberate
9  action attributable to the County itself.  Plaintiff simply alleges that the County has a policy "to arrest
10 individuals by using improper means." (Compl. ¶19).  The Complaint fails to identify any County
11 legislative or administrative action fostering any such policy, ordinance, or custom. Further, Plaintiff
12 fails to set forth any allegations giving rise to an inference of municipal culpability and causation.  A
13 conclusory allegation that the County has a policy "to arrest individuals by using improper means"
14 is insufficient to meet Plaintiff's pleading burden and runs the risk that the "municipality will be held
15 liable for an injury that it did not cause" under a respondeat superior theory.  Brown, 520 U.S. at 1394.

16   Second, as noted by County, Plaintiff fails to state a claim against the County because she fails
17 to adequately allege that Officer Olguin, a County employee, violated her constitutional rights – under
18 either the Fourth Amendment or the due process clause of the Fourteenth Amendment.  This
19 conclusion is supported by Baker v. McCollan, 443 U.S. 137 (1979). There, as here, an individual was
20 arrested pursuant to a warrant in the mistaken belief that plaintiff was the person identified in the
21 warrant. The individual was imprisoned for 72 hours over a holiday weekend. When county officials
22 learned of the mistaken identify, the individual was released from custody.  The individual then
23 commenced a §1983 action against the county.  The Supreme Court noted that §1983 "imposes
24 liability for violations of rights protected by the Constitution, not for violations of duties of care
25 arising out of tort law."  Id. at 146.  The court held that the deprivation of liberty suffered by
26 McCollan did not violate a constitutional right, explaining that
27 / / /
28 / / /

> [a] reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers -- all of whom may be potential defendants in a §1983 action -- is entirely consistent with 'due process of law.' Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim.

Id. at 145-46.

Here, with respect to the Fourth Amendment claim for invalid arrest, the complaint does not allege that the warrant was facially invalid nor that the warrant issued without probable cause. "Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures." Cabellero v. City of Concord, 956 F.2d 204, 206 (9th cir. 1992). The complaint does not allege that the arrest warrant was invalid due to lack of probable cause, but because Plaintiff's name was misidentified as an alias for Colleen Ann Conerty.[1] Further, to the extent Plaintiff seeks to assert a due process liberty claim based upon her continued detention after her misidentification, the Supreme Court noted in Baker that "mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty . . . withe due process of law.'" Id. at 145. The Supreme Court noted that a "detention of three days over a New Year's weekend does not and could not amount to such a deprivation." Id. The court notes that the Complaint at issue is silent on the length of Plaintiff's detention and circumstances surrounding her arrest and detention. Accordingly, the court is unable to assess the viability of this claim.

In sum, the court grants the motion to dismiss without prejudice and with 15 days leave to amend from the date of entry of this order.[2]

Excessive Force

With respect to a Monell claim against County for excessive force, Plaintiff again alleges that County has the policy, pattern, practice and custom "to arrest individuals by using improper means,

---

[1] Plaintiff alleges that unknown employees at the State of California entered her name into the Department of justice database as an a.k.a. for Colleen Ann Conerty. (Compl. ¶10)

[2] In her opposition, Plaintiff requests leave to file a first amended complaint.

1  including the use of excessive force, even when no reasonable basis exists for believing that use of
2  force would be required." (Compl. ¶19). As set forth above, this bare allegation fails to sufficiently
3  identify an actionable policy, ordinance, practice, or custom and to identify any deliberate action
4  attributable to the County itself. Absent such allegations, Plaintiff fails to state a Monell claim against
5  County.

6        Plaintiff also fails to state a Fourth Amendment violation by Officer Olguin. The Fourth
7  Amendment prohibition against unreasonable seizures permits law enforcement officers to use only
8  such force to effect an arrest as is "objectively reasonable" under the circumstances. Graham v.
9  Connor, 490 U.S. 386, 397 (1989); Headwaters Forest Defense v. County of Humboldt, 240 F.3d
10 1185, 1198 (9th Cir. 2001). Because the Fourth Amendment test for reasonableness is inherently
11 fact-specific, see Chew v. Gates, 27 F.3d 1432, 1443 (9th Cir. 1994) (citing Reed v. Hoy, 909 F.2d
12 324, 330 (9th Cir. 1989)), it is a test that escapes "mechanical application" and "requires careful
13 attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396; Fikes v.
14 Cleghorn, 47 F.3d 1011, 1014 (9th Cir. 1995). "The 'reasonableness' of a particular use of force must
15 be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision
16 of hindsight." Graham, 490 U.S. at 396.    In all, police officers are not required to use the least
17 intrusive degree of force possible; they are required only to act within a reasonable range of conduct.
18 See Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994). In fact, the officer's right to
19 make an arrest necessarily includes the right to use some degree of force. Graham, 490 U.S. at 396;
20 Cunningham v. Gates, 229 F.3d 1271, 1290 (9th Cir. 2000) While Plaintiff need not allege evidentiary
21 facts, she must at least allege, at a minimum, that excessive force was used on her, when, and by
22 whom, if known. Absent such minimal allegations, County is unable to prepare an adequate answer
23 and to investigate any alleged incident of excessive force.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1       In sum, the motion is granted without prejudice and with leave to amend within 15 days of
2 entry of this order.[3]
3       **IT IS SO ORDERED.**
4 DATED:  April 24, 2007

                                                Hon. Jeffrey T. Miller
                                                United States District Judge

7 cc: All Parties

---

[3] Until Plaintiff alleges a viable federal claim, the court declines to consider the state law claims.