UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON MARIE REED,<br>                Plaintiff,<br>  vs.<br>CITY OF SAN DIEGO; COUNTY OF SAN DIEGO; SAN DIEGO UNIFIED PORT DISTRICT; OFFICER CARLOS OLGUIN; SAN DIEGO HARBOR POLICE DEPARTMENT; and<br>STATE OF CALIFORNIA,<br>                Defendants. | CASE NO. 06cv2724 JM(WMc)<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT; GRANTING LEAVE TO AMEND** |

     Defendant County of San Diego ("County") moves to dismiss the First Amended Complaint ("FAC") or, alternatively, for a more definite statement on Plaintiff Sharon Marie Reed's civil rights complaint brought pursuant to 28 U.S.C. §1983. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted with 15 days leave to amend from the date of entry of this order.

## BACKGROUND

     On December 15, 2006 Plaintiff commenced this civil rights action alleging that she was wrongfully arrested on a warrant issued in the name of Colleen Ann Conerty, not Sharon Marie Reed. (FAC ¶11). Plaintiff was placed under arrest on December 18, 2005 when a records check of a California D.O.J. database revealed that Plaintiff's name was identified as an alias used by Colleen

1  Ann Conerty. When arrested she repeatedly told the San Diego Harbor Police Department and the
2  arresting officer that she was Sharon Marie Reed but the "Harbor Police did not listen to her." (FAC
3  ¶12). She showed the Harbor Police her passport and other identification verifying her identity as
4  Reed. (FAC ¶15). Plaintiff was then transported to Los Colinas jail where the Sheriff's Department
5  allegedly refused to check her fingerprints, date of birth, or social security number. (FAC ¶7).

6  Plaintiff alleges that Harbor Police Officer Carlos Olguin "was negligent, that she was arrested
7  without cause, that the officer was improperly trained or supervised, her civil rights were violated, she
8  was falsely imprisoned and battered." (FAC ¶16). Plaintiff also alleges that Officer Olguin was
9  following the customs and practices of the San Diego Sheriff's Department "to arrest individuals by
10 using improper means, including the use of excessive force, even when no reasonable basis exists for
11 believing that use of force would be required. Said policy, pattern, practice, and custom amounted
12 to deliberate indifference to Plaintiff's constitutional and statutory rights and the policy was the
13 moving force behind the deprivation of Plaintiff's rights. (FAC. ¶19). Plaintiff also alleges that each
14 Defendant "maintain[s] an official policy, custom or practice of issuing facially invalid arrest warrants
15 without taking proper steps, if any, to ensure that the particular person in custody was actually the
16 person sought." (FAC ¶20). Based upon these generally described events, Plaintiff alleges a single
17 federal claim for violation of 42 U.S.C. §1983 based upon alleged violations of the Fourth and
18 Fourteenth Amendments and three state law claims for assault and battery, false arrest and
19 imprisonment, and negligence.

20 On March 23, 2007 this court granted the State of California's motion to dismiss the Complaint
21 on Eleventh Amendment grounds. On April 24, 2007 this court granted County's motion to dismiss
22 the original complaint. County now moves to dismiss the FAC on grounds that (1) Plaintiff has not
23 sufficiently alleged an unconstitutional detention/arrest; (2) the complaint fails to provide sufficient
24 allegations with respect to the excessive force claim; and (3) the complaint fails to adequately allege
25 the facial invalidity of the arrest warrant.
26 / / /
27 / / /
28 / / /

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). While a complaint challenged under Rule 12(b)(6) need not set forth detailed factual allegations, a plaintiff must provide sufficiently detailed allegations to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Identified grounds for relief must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. See Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. See Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. See Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. See Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. See In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

Under 42 U.S.C. §1983 civil liability may be imposed on any person who, under color of state law, subjects another to the deprivation of rights "secured by the constitution and laws." 42 U.S.C. §1983. Plaintiff appears to make three claims under §1983: first, Defendants violated her Fourth Amendment rights when she was arrested and detained; second, Defendants violated her Fourth Amendment rights when she was battered by Defendants; and third, the arrest warrant was facially invalid under the Fourth Amendment. (Compl. ¶29). Each claim is discussed in turn.

The False Arrest/Detention Claim

As set forth in this court's previous order, incorporated herein, Plaintiff must comply with the requirements of Baker v. McCollan, 443 U.S. 137 (1979) in stating a false arrest/detention claim based upon misidentification. As noted by the County, Plaintiff fails to state a claim against the County because she fails to adequately allege that Officer Olguin, a County employee, or the County violated her constitutional rights – under either the Fourth Amendment or the due process clause of the Fourteenth Amendment. In Baker, 443 U.S. 137 (1979), as here, an individual was arrested pursuant to a warrant in the mistaken belief that plaintiff was the person identified in the warrant. The individual was imprisoned for 72 hours over a holiday weekend. When county officials learned of the mistaken identify, the individual was released from custody. The individual then commenced a §1983 action against the county. The Supreme Court noted that §1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Id. at 146. The court held that the deprivation of liberty suffered by McCollan did not violate a constitutional right, explaining that

> [a] reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers -- all of whom may be potential defendants in a §1983 action -- is entirely consistent with 'due process of law.' Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim.

Id. at 145-46.

To the extent Plaintiff continues to assert a due process liberty claim based upon her continued detention after her misidentification, the Supreme Court noted in Baker that "mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty . . . withe due process of law.'" Id. at 145. The Supreme Court noted that a "detention of three days over a New Year's weekend does not and could not amount to such a deprivation." Id. Here, the court dismissed the original Complaint on the ground that the Complaint was silent on the length of Plaintiff's detention and circumstances surrounding her arrest and detention. The FAC sheds no light on whether Plaintiff was released after hours, days, or

weeks. A simple allegation within Plaintiff's knowledge, will clarify whether Plaintiff states a claim. Accordingly, the court is unable to assess the viability of this claim.

In sum, the court grants the motion to dismiss without prejudice and with 15 days leave to amend from the date of entry of this order.[1]

Excessive Force

As set forth in this court's previous order, incorporated herein, an officer's right to make an arrest necessarily includes the right to use some degree of force. Graham, 490 U.S. at 396; Cunningham v. Gates, 229 F.3d 1271, 1290 (9th Cir. 2000). Here, the basis for the excessive force claim appears to rest upon Plaintiff's allegations that she was battered. (FAC ¶¶ 16, 33). As a battery may result from simple impermissible touching, see Austin B. v. Escondido Union School District,149 Cal.App.4th 860, 871 (2007), Plaintiff must allege something more than the use of ordinary force incident to an arrest. In order to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1965. The simple battery allegations here are insufficient to raise a claim for relief under the Civil Rights Act.

Consequently, the court grants the motion to dismiss this claim with leave to amend.

Validity of the Warrant

Plaintiff also alleges that she was arrested pursuant to a facially "invalid warrant." (FAC ¶¶11, 14, 20,33). Plaintiff's allegation of facial invalidity appears to be nothing more than a bare legal conclusion. As noted in Bell Atlantic,

> a plaintiff's obligation to provide the "grounds" of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. at 1964-65; Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The warrant requirement of the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . persons or things to be seized." U.S. Const. Amend. IV. "Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime."

---

[1] In her opposition, Plaintiff requests leave to file a first amended complaint.

1  Taylor v. Meacham, 82 F.3d 1556, 1562 (10th Cir. 1996). Here, if Plaintiff seeks to allege that the
2  warrant was invalid because it misidentified Plaintiff then the appropriate framework for analysis
3  would be the standard identified in Baker v. McCollen, as set forth above.

4  As an alternative to the misidentification theory, Plaintiff may allege that the warrant lacked
5  probable cause and explain how that is so. The FAC fails to explain the lack of probable cause but
6  simply alleges that the "lack of probable cause arose from defendants' deliberate indifference." (FAC
7  ¶34). This allegation misses wide of the mark. Probable cause is a determination by a judicial officer
8  who issued the warrant that the totality of the circumstances supports a finding that the reasonably
9  identified named individual likely committed a crime. See Maryland v. Pringle, 540 U.S. 366, 371
10 (2003). Here, Plaintiff fails to articulate the basis for her claim of invalid warrant.

11 In sum, the court grants the motion to dismiss with 15 days leave to amend from the date of
12 entry of this order. Plaintiff is informed that her failure to state a claim in a second amended
13 complaint may result in the dismissal of her claims with prejudice.

14 **IT IS SO ORDERED.**

15 DATED: June 28, 2007

16
17  Hon. Jeffrey T. Miller
    United States District Judge

18 cc: All Parties