1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON MARIE REED,<br><br>                          Plaintiff,<br>     vs.<br><br>CITY OF SAN DIEGO; COUNTY OF SAN DIEGO; SAN DIEGO UNIFIED PROT DISTRICT; OFFICER CARLOS OLGUIN; SAN DIEGO HARBOR POLICE DEPARTMENT; and STATE OF CALIFORNIA,<br><br>                          Defendants. | CASE NO. 06cv2724 JM(WMc)<br><br>ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE |

      Defendants San Diego Unified Port District and Officer Carlos Olguin (collectively "Defendants"), the only remaining defendants in this action, move to dismiss the Second Amended Complaint ("SAC"). Plaintiff opposes the dismissal of her civil rights complaint brought pursuant to 42 U.S.C. §1983. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss the 42 U.S.C. §1983 claim is granted with prejudice and the court declines to exercise supplemental jurisdiction over the state law claims for assault and battery, false arrest and imprisonment, and negligence. The Clerk of Court is instructed to close this file.

///

**BACKGROUND**

On December 15, 2006 Plaintiff commenced this civil rights action alleging that she was wrongfully arrested on a warrant issued in the name of Colleen Ann Conerty, not Sharon Marie Reed. (SAC ¶11). Plaintiff was placed under arrest on December 18, 2005 when a records check of a California D.O.J. database revealed that Plaintiff's name was identified as an alias used by Colleen Ann Conerty. When arrested she repeatedly told the San Diego Harbor Police Department and the arresting officer that she was Sharon Marie Reed but the "Harbor Police did not listen to her." (SAC ¶10). She showed the Harbor Police her passport and other identification verifying her identity as Reed, but no effort was made to "verify her identify and she was arrested and jailed at the Los Colinas Jail for nearly eight hours." Id.

Plaintiff alleges that Harbor Police Officer Carlos Olguin "was negligent, that she was arrested without cause, that the officer was improperly trained or supervised, her civil rights were violated, she was falsely imprisoned and battered." (SAC ¶14). Plaintiff also alleges that Officer Olguin was following the customs and practices of the San Diego Sheriff's Department "to arrest individuals by using improper means, including the use of excessive force, even when no reasonable basis exists for believing that use of force would be required. Said policy, pattern, practice, and custom amounted to deliberate indifference to Plaintiff's constitutional and statutory rights and the policy was the moving force behind the deprivation of Plaintiff's rights. (SAC ¶16). Plaintiff also alleges that each Defendant "maintain[s] an official policy, custom or practice of issuing facially invalid arrest warrants without taking proper steps, if any, to ensure that the particular person in custody was actually the person sought." (SAC ¶18). Based upon these generally described events, Plaintiff alleges four causes of action for (1) violation of the Fourth and Fourteenth Amendments when she was arrested on the warrant, (2) assault and battery, (3) false arrest and imprisonment and (4) negligence.

On March 23, 2007 this court granted the State of California's motion to dismiss

1  the Complaint on Eleventh Amendment grounds.  On April 24, 2007 this court granted

2  County's motion to dismiss the original complaint, with leave to amend.  On June 28,

3  2007, the court once again granted defendants motion to dismiss the first amended

4  complaint, with leave to amend.  On August 13, 2007 the court granted the parties

5  stipulated dismissal of the County of San Diego.  San Diego Unified Port District and

6  Officer Olguin, the only remaining Defendants, now move to dismiss the complaint on

7  the ground that Plaintiff fails to state a claim under 42 U.S.C. §1983.  Plaintiff concedes

8  that dismissal of the excessive force claim is appropriate.

9                                    **DISCUSSION**

10  **Legal Standards**

11        Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in

12  "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.

13  1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a

14  "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  See

15  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  While a

16  complaint challenged under Rule 12(b)(6) need not set forth detailed factual allegations,

17  a plaintiff must provide sufficiently detailed allegations to "raise a right to relief above

18  the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

19  Identified grounds for relief must set forth "more than labels and conclusions, and a

20  formulaic recitation of the elements of a cause of action will not do." Id.  The defect

21  must appear on the face of the complaint itself.  Thus, courts may not consider

22  extraneous material in testing its legal adequacy. See Levine v. Diamanthuset, Inc., 950

23  F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly

24  submitted as part of the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner and

25  Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

26        Finally, courts must construe the complaint in the light most favorable to the

27  plaintiff.  See Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed,

28  116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations

in the complaint, as well as reasonable inferences to be drawn from them. <u>See</u> <u>Holden</u> <u>v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>See</u> <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

Under 42 U.S.C. §1983 civil liability may be imposed on any person who, under color of state law, subjects another to the deprivation of rights "secured by the constitution and laws." 42 U.S.C. §1983. Plaintiff contends that her arrest and detention for approximately eight hours violated her fourth and fourteenth amendment rights. The court concludes that Plaintiff's brief detention based upon Officer Olguin's misidentification of Plaintiff as Colleen Ann Conerty fails to state a claim under 42 U.S.C. §1983.

As set forth in previous court orders, incorporated herein, Plaintiff must comply with the requirements of  <u>Baker v. McCollan</u>, 443 U.S. 137 (1979) in stating a false arrest/detention claim based upon misidentification. As noted by the Defendants, Plaintiff fails to state a claim against them because she fails to adequately allege that Officer Olguin violated her constitutional rights – under either the Fourth Amendment or the due process clause of the Fourteenth Amendment. In <u>Baker</u>, 443 U.S. 137 (1979), as here, an individual was arrested pursuant to a warrant in the mistaken belief that plaintiff was the person identified in the warrant. The individual was imprisoned for 72 hours over a holiday weekend. When county officials learned of the mistaken identify, the individual was released from custody. The individual then commenced a §1983 action against the county. The Supreme Court noted that §1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." <u>Id.</u> at 146. The court held that the deprivation of liberty suffered by McCollan did not violate a constitutional right, explaining that

> [a] reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers -- all of whom may be potential defendants in a §1983 action -- is entirely consistent with 'due process of law.' Given the requirements that arrest be made only on

1

2   probable cause and that one detained be accorded a speedy trial, we do not
    think a sheriff executing an arrest warrant is required by the Constitution
3   to investigate independently every claim of innocence, whether the claim
    is based on mistaken identity or a defense such as lack of requisite intent.
4   Nor is the official charged with maintaining custody of the accused named
    in the warrant required by the Constitution to perform an error-free
    investigation of such a claim.

5   Id. at 145-46.

6   To the extent Plaintiff continues to assert a due process liberty claim based upon

7   her continued detention after her misidentification, the Supreme Court noted in Baker

8   that "mere detention pursuant to a valid warrant but in the face of repeated protests of

9   innocence will after the lapse of a certain amount of time deprive the accused of 'liberty

10  . . . withe due process of law.'" Id. at 145.  The Supreme Court noted that a "detention

11  of three days over a New Year's weekend does not and could not amount to such a

12  deprivation." Id.  Here, the court dismissed the original and first amended complaints

13  on the ground that the pleadings were silent on the length of Plaintiff's detention and

14  circumstances surrounding her arrest and detention.  Following her arrest on a facially

15  valid warrant, the SAC alleges that Plaintiff was detained for a period of 8 hours.  (SAC

16  ¶10).  This brief period of detention, during which time Plaintiff's actual identity was

17  confirmed, does not constitute a constitutional deprivation as a matter of law.[1]

18  Defendant contends that the warrant was invalid on its face as the person

19  identified therein was not Plaintiff.  The difficulty with this argument is that Plaintiff's

20  name appeared as a a.k.a. for Colleen Ann Conerty.  (SAC ¶8).  The warrant appeared

21  facially valid.[2]  This is a case of misidentification, not one of lack of probable cause or

22  other facial defect.  Defendant also argues that this court should follow Lee v. City of

23  Los Angeles, 250 F.3d 668 (9th Cir. 2001) and permit this action to proceed.  There,

24  plaintiff Kerry Sanders, a mentally disabled individual, was arrested by the LAPD.  The

25

26       [1] Plaintiff also argues that the warrant was invalid on its face because the individual identified,
    Colleen Ann Conerty, was not Plaintiff.  This argument misses the mark as it fails to address that
27  Plaintiff was identified as an a.k.a. for Colleen Ann Conerty.

28       [2] The court notes that the warrant appears to have issued in compliance with California Civil
    Code §43.55(b).

LAPD had mistakenly identified the plaintiff as a fugitive from New York State named Robert Sanders.  The LAPD "failed to take proper steps to verify that the individual in their custody was in fact Robert Sanders."  <u>Id.</u> at 688.  Without identifying his true identity, plaintiff was extradited to New York where he was sexually molested by other inmates while incarcerated.   The plaintiff's mother contacted the LAPD on numerous occasions and was informed that the whereabouts of her son, Kerry Sanders, was unknown.   Two years later the real Robert Sanders was arrested and it was discovered then that the individual who had been detained for over two years was not Robert Sanders.  <u>Lee</u> is factually dissimilar on one key point made in <u>Baker v. McCollan</u> – the officials in <u>Lee</u> did not take any steps to confirm plaintiff's identity for over two years.  Here, in contrast, the officials confirmed Plaintiff's identity and released her within eight hours of her arrest.  Consequently, <u>Lee</u> is not persuasive.

        In sum, the court grants the motion to dismiss the 42 U.S.C. §1983 claim with prejudice as there appears to be no circumstances under which Plaintiff can state a claim.  The court also declines to exercise supplemental jurisdiction over Plaintiff's assault and battery, false imprisonment, and negligence claims.  These state law claims are dismissed without prejudice.

        **IT IS SO ORDERED.**

DATED:  November 1, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties